# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:09cr64-RH/WCS

MANUEL J. FERNANDEZ,

    Defendant.

_____/

# ORDER CONTINUING THE TRIAL AND
# DENYING LEAVE TO WITHDRAW

The grand jury indicted the defendant Dr. Manuel J. Fernandez for medicaid fraud. Six months after the indictment was returned and just over a month before the scheduled trial, his retained attorney David George Hutchison moved for leave to withdraw based on Dr. Fernandez's reported dissatisfaction with his representation. The motion also asked for a continuance of the trial.

At a hearing on April 9, 2010, I afforded Dr. Fernandez and Mr. Hutchison a full opportunity to address every aspect of the dissatisfaction. Both Dr. Fernandez and Mr. Hutchison made clear that they are able to communicate effectively. Neither provided any information suggesting that Mr. Hutchison will be unable to provide effective representation.

Dr. Fernandez indicated he has not retained a new attorney and does not intend to do so. He asked, instead, for a court-appointed attorney. But he is employed, earning a salary in six figures, and he has a retained attorney—Mr. Hutchison—who is willing to continue with the representation. Mr. Hutchison expressly indicated during the hearing that payment for his services is not a basis for the motion for leave to withdraw. Dr. Fernandez has not submitted a financial affidavit or otherwise established his entitlement to an appointed attorney, and both his salary and the availability of his current retained attorney suggest—if indeed they do not establish—that he does not qualify for an appointed attorney.

The standards governing a defendant's entitlement to a new attorney based on dissatisfaction with his current attorney are set out in *United States v. Calderon*, 127 F.3d 1314, 1342-43 (11th Cir. 1997). The most critical factor here is "whether the conflict [is] so great that it [has] resulted in a total lack of communication between the defendant and his counsel thereby preventing an adequate defense." 127 F.3d at 1343. Both Dr. Fernandez and Mr. Hutchison made clear at the hearing that they are communicating effectively; there has been no lack of communication, and certainly not a "total" one. Dr. Fernandez is not *entitled* to a different attorney. As a matter of discretion—considering the stage of the case, the preparation Mr. Hutchison already has made, and Dr. Fernandez's failure to retain a different attorney or submit a properly supported application for an appointed

attorney—I decline to grant leave for Mr. Hutchison to withdraw.  Dr. Fernandez's motion is close to a motion for an open-ended continuance—an approach that might serve Dr. Fernandez's interests but not the interests of justice or orderly judicial administration.

The motion to withdraw briefly delayed Mr. Hutchison's preparation for trial and in any event Mr. Hutchison has indicated he has not completed his preparation.  Under the circumstances, I conclude that the trial should be continued.  I find that the ends of justice that will be served by granting the continuance outweigh the interest of the public and the defendant in a more speedy trial.

For these reasons and those set out on the record of the April 9 hearing,

IT IS ORDERED:

The motion of the defendant's attorney David George Hutchison for leave to withdraw (document 29) is DENIED.  The defendant's motion for a continuance is GRANTED.  The trial is rescheduled for Monday, June 28, 2010, beginning with an attorney conference at 8:15 a.m.

SO ORDERED on April 20, 2010.

s/Robert L. Hinkle<br>United States District Judge