# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:09cr64-RH/WCS

MANUEL J. FERNANDEZ,

    Defendant.

_____/

# ORDER DENYING MOTION TO
# QUASH SUBPOENA – THOMAS-AUTRY

Angela A. Thomas-Autry has submitted to the clerk of the court an "Affidavit of Facts." The affidavit indicates that the government has served a subpoena requiring Ms. Thomas-Autry to appear at the trial as set for June 28, 2010. The affidavit asserts that complying with the subpoena will be burdensome, and it asks that the subpoena be quashed.

Federal Rule of Criminal Procedure 17(c)(2) allows a court to quash a subpoena "if compliance would be unreasonable or oppressive." Testifying always imposes a burden on a witness, and when travel is involved, as will be the case here, the burden is greater. But the government of course will be required to pay Ms. Thomas-Autry's reasonable travel expenses. And the mere fact that testifying

will impose a burden is not a sufficient basis for quashing the subpoena. The affidavit sets out no facts indicating that complying with the subpoena will be unreasonable or oppressive.

Accordingly,

IT IS ORDERED:

The clerk must docket Ms. Thomas-Autry's "Affidavit of Facts." The affidavit is treated as a motion to quash the government's subpoena for trial. The motion to quash is DENIED.

SO ORDERED on May 19, 2010.

                                       s/Robert L. Hinkle
                                       United States District Judge